IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAVON D. JACKSON,<br><br>Defendant. | Crim. No. 21-38-LPS |

### MEMORANDUM ORDER

WHEREAS, Defendant Javon D. Jackson pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (*see generally* D.I. 34);

WHEREAS, on February 4, 2022, U.S. Probation and Pretrial Services filed a final presentence investigation report (D.I. 43) ("PSR");

WHEREAS, Jackson and the government submitted initial briefing on Jackson's objections to the PSR, including his objection that Delaware's controlled substances statute is overbroad, such that a violation of it should not qualify as a controlled substance offense for purposes of the career offender enhancement in the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (*see generally* D.I. 42, 44, 46, 47);

WHEREAS, on February 11, 2022, the Court heard oral argument (*see* Feb. 11 Tr.);

WHEREAS, the parties subsequently submitted supplemental briefing (*see generally* D.I. 49, 50, 51, 52, 53);

WHEREAS, on March 8, 2022, the Court issued a Memorandum Order, in which the Court held that the government met its burden to show that Delaware's controlled substances

1

statute is divisible by drug type (*see generally* D.I. 54);

WHEREAS, the Court has further considered all the arguments presented by the parties in the initial and supplemental briefing, as well as their arguments during the February sentencing hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, for the reasons given below, any of Jackson's remaining objections to the PSR are **OVERRULED**.

1. Jackson argues that even if Delaware's controlled substances statute is divisible by drug type, as the Court has now held, the relevant provision of the statute is still overbroad, so his May 2017 conviction still does not qualify as a controlled substance offense under the Guidelines. (Feb. 11 Tr. at 15-16) The statute Jackson pled guilty to violating provides, in pertinent part, that "any person who . . . [m]anufactures, delivers, or possesses with the intent to manufacture or deliver a controlled substance in a Tier 2 quantity . . . shall be guilty of a class C felony." 16 Del. C. § 4753 (2017); *see also* D.I 47-2. Jackson's plea agreement indicates that he was convicted of possession with intent to deliver heroin. (D.I. 47-4) Delaware law defines a "Tier 2 quantity" of heroin as "2 grams or more of any morphine, opium or any salt, isomer or salt of an isomer thereof, including heroin, as described in § 4714 of this title, or of any mixture containing any such substance." 16 Del. C. § 4751C(4)(b) (2017); *see also* D.I. 47-3. In turn, § 4714 states that "[a]ny of the following opium derivatives, their salts, isomers and salts of isomers," are included in Schedule I of controlled substances under Delaware law, "unless specifically excepted." 16 Del. C. § 4714(c) (2017). The provision goes on to list 23 opium derivatives, including drotebanol. *See id.*

2. Similarly, the federal controlled substances statute lists 22 possible opium

2

derivatives.  *See* 21 U.S.C. § 812(c).  That federal list is nearly the same as the Delaware list in 16 Del. C. § 4714(c).  The only difference is that the federal list omits drotebanol.  (*See* D.I. 42 at 7-8) (Jackson acknowledging that state and federal lists are otherwise "identical")  Even so, drotebanol is still federally regulated as a Schedule I narcotic with a DEA number of 9335.  (D.I. 47-7 at 19)  Thus, Delaware law "does not criminalize more substances" than federal law does.  (D.I. 47 at 3)

       3.    Jackson argues that it is unclear whether the word "heroin" in his state plea agreement refers to substances besides heroin, such as designer heroin.  (*See* Feb. 11 Tr. at 16)  The Court understands the plea agreement's use of "heroin" as referring to Jackson's pleading guilty to a violation of 16 Del. C. § 4753(1) where the Tier 2 quantity of a controlled substance was established under the opium derivatives provision discussed above, § 4751C(4)(b).  The plain language of § 4751C(4)(b) does not refer to designer heroin.  Rather, that provision encompasses the substances listed in § 4714(c) and any mixtures containing those substances.  For the reasons explained above, there is no mismatch between § 4714(c) and the substances regulated under federal law.  (*See generally* Feb. 11 Tr. at 20-22)

       4.    In sum, Jackson's arguments do not persuade the Court that it should sustain his objections to the PSR.  Thus, as the Court previously held, because Jackson qualifies as a career offender, the Guidelines applicable to him, and from which the Court will begin its analysis in

3

determining an appropriate sentence, are 262 to 327 months imprisonment.  (*See* D.I. 54 at 2; *see also* PSR ¶¶ 143-44)[1]

 

April 5, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE

---

[1] The Court recognizes that, after issuance of its earlier order relating to Jackson's objections to the PSR (D.I. 54), Jackson filed a motion to withdraw his guilty plea (D.I. 59), to which the government has filed a response (D.I. 60).  The Court will address that motion with the parties at the continued sentencing hearing.